```
 1
 2
 3
 4
 5
 6
 7                          UNITED STATES DISTRICT COURT
 8                        WESTERN DISTRICT OF WASHINGTON
                                     AT TACOMA
 9
10  STEWART RIGGS,
11                                              No. C08-5161 FDB/KLS
                         Plaintiff,
12        v.                                    **REPORT AND RECOMMENDATION**
                                                **NOTED FOR: August 28, 2009**
13  PIERCE COUNTY SHERIFF'S
    DEPARTMENT, *et al.*,
14
15                       Defendants.
```

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is the Defendants' Motion to Dismiss. Dkt. 32. Defendants move to dismiss the case based on Plaintiff Stewart Riggs' failure to prosecute his case and failure to comply with the Court's Order granting Defendants' motion to compel. Dkt. 30.

## I. STATEMENT OF FACTS

Mr. Riggs filed suit alleging that on November 12, 2005, the individually named deputies illegally entered his property where they illegally seized and impounded his Mustang vehicle and damaged his property. Dkt 4. On October 27, 2008, Defendants served Plaintiff with discovery seeking documentation supporting the valuation of the 1995 ½ Ford Mustang and current address

REPORT AND RECOMMENDATION - 1

and telephone numbers for his listed witnesses. Dkt. 28 p. 6. Plaintiff did not answer the discovery requests, although his answers were due on November 26, 2008. *Id*. The parties conferred and Plaintiff agreed to provide his answers to the discovery requests by December 22, 2008. *Id*., p. 2. On December 23, 2008, Plaintiff provided some information orally, and said he was still working on his responses. *Id*. Plaintiff did not respond to the Defendants' last attempt to confer with him by letter dated February 9, 2009. *Id*. Defendants filed a motion to compel the discovery requests on March 3, 2009. Dkt. 27. The Court granted the motion on May 6, 2009 (Dkt. 30), ordering the Plaintiff to provide his responses to Defendants' discovery requests within fifteen days of the date of the Order. *Id.*

However, the Court's Order (Dkt. 30), which was sent to Plaintiff at the most recent address provided by him to the Court, was returned by the United States Post Office to the Court on May 11, 2009, marked "Return to Sender, Moved Left No Address, Unable to Forward." Plaintiff has not provided a current address to the Court.

Defendants move to dismiss this case pursuant to Local Rules 41(b)(2), FRCP 41(b), and FRCP 37(b)(2).

## II. DISCUSSION

Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

The Court's Order directing Plaintiff to provide his discovery responses to Defendants was returned to the Court on May 11, 2009 as undeliverable because Plaintiff moved and left no forwarding address. Plaintiff has not provided a current address to the Court. Therefore, this

REPORT AND RECOMMENDATION - 2

action has existed for more than sixty days without an address for the Petitioner. Dismissal without prejudice for failure to prosecute is appropriate.

Accordingly, the undersigned recommends that Defendants' motion to dismiss (Dkt. 32) be **granted** and that this action be **dismissed without prejudice** for failure to prosecute pursuant to Local Rule 41(b)(2).

**CONCLUSION**

The Court should dismiss this action without prejudice as Plaintiff has left no forwarding address and appears to have abandoned the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 28, 2009**, as noted in the caption.

DATED at Tacoma, Washington this 7th day of August, 2009.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3